IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICKY MOSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 619-100 |
| | ) |
| DR. HAROLD CARAVIVELLO; | ) |
| DR. ISKION; MARTY ALLEN; | ) |
| and AARON PINEIRO, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Georgia Diagnostic and Classification Prison, filed his complaint pursuant to 42 U.S.C. § 1983, concerning event alleged to have occurred at Georgia State Prison ("GSP") in Reidsville, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

    **A.     BACKGROUND**

Plaintiff names the following Defendants: (1) Dr. Harold Caravivello, medical provider at GSP; (2) Dr. Iskion, medical provider at GSP; (3) Marty Allen, GSP Warden; and (4) Aaron Pineiro, Deputy Warden of Care and Treatment at GSP. (Doc. no. 1, pp. 1, 7-8.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff injured his left arm during his recreation time on March 2, 2018. (Id. at 8.) Because there was no officer available for escort, Plaintiff was unable to immediately go to the medical department. (Id.) The next day, Plaintiff's arm was "grotesquely" swollen, and upon visual examination, a nurse told Plaintiff she thought his arm was broken. (Id.) The nurse gave Plaintiff two Tylenol and put his arm in a sling. (Id.) Several minutes later, Dr. Caravivello examined Plaintiff, prescribed ten days of Tylenol, and told Plaintiff both that he would be called back to the medical department to receive a stabilizing splint and x-rays would be scheduled. (Id.) Despite Dr. Caravivello's assurances, Plaintiff received no further treatment for approximately two weeks. (Id.)

From March 3 through March 15, 2018, Plaintiff began to experience "excruciating" pain and informed Wardens Allen and Pineiro, both verbally and in writing, about his pain and lack of treatment. (Id. at 8-9.) Neither Warden made sure Plaintiff received treatment. (Id. at 9.) On March 15th, Dr. Iskion x-rayed Plaintiff's arm, determined Plaintiff "only had a bad contusion," and provided no further treatment. (Id.) Plaintiff's arm did not improve, and on March 28th, the nurse who originally examined Plaintiff's arm on March 3rd ordered additional x-rays. (Id.) An x-ray taken on March 29, 2018, by Dr. Iskion revealed a fractured left wrist and broken elbow bone, and Plaintiff was then fitted with a "cast splint." (Id.)

Among other things, Plaintiff seeks compensatory and punitive damages from each Defendant. (Id. at 10-11.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

3

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendants Allen and Pineiro

Plaintiff fails to state a claim for relief against Defendants Allen and Pineiro, the Warden and Deputy Warden, respectively, based on their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Allen or Pineiro liable, Plaintiff

4

must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name these two individuals as Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at GSP. (Doc. no. 1, p. 7 ("Allen is the lead supervisor and is ultimately in charge"); p. 8 (Pineiro "is responsible for the care and general well being of inmates" at GSP).)

Nowhere does Plaintiff allege Defendants Allen or Pineiro were present for, or participated in, Plaintiff's medical treatment. Nor does he allege either Defendant was responsible for examining Plaintiff or making any determination about the timing or type of treatment for Plaintiff. Courts have recognized that supervisory prison officials who are not medical professionals are entitled to rely on the decisions of trained medical practitioners regarding care provided to inmates. See Williams v. Limestone Cty., Ala., 198 F. App'x 893, 897-98 (11th Cir. 2006) (*per curiam*); Rutledge v. Lift, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Nor can Plaintiff establish these supervisory Defendants were directly involved with his medical care by alleging in conclusory fashion they were "informed" at some non-specific time in a non-specific way about Plaintiff's arm injury and the treatment, or lack thereof, he received. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the

5

record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

    Nor has Plaintiff alleged the requisite causal connection between Defendant Allen or Pineiro and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer]

6

directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread abuse regarding improper medical treatment at GSP, (2) an improper custom or policy put in place by either Defendant regarding medical treatment, or (3) an inference either of these supervisory Defendants directed prison employees to act, or knew they would act, unlawfully. At best, Plaintiff has alleged he made some sort of notification to Defendants Allen and Pineiro about pain in his arm and his dissatisfaction with the actions taken by medical staff. He says nothing about either Warden knowing Plaintiff had a broken bone that had not been treated. Indeed, Plaintiff alleges he "informed" these two Defendants about pain in his arm sometime between March 3rd and March 15th, but x-rays did not confirm a broken bone until March 29th. In sum, Plaintiff has not shown Defendant Allen or Pineiro actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against these two supervisory officials, and Defendants Allen and Pineiro should be dismissed from this case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Allen and Pineiro be **DISMISSED** from this case because Plaintiff fails to state a claim against them upon which relief can be granted. By separate Order, the Court directs

7

service of process on Defendants Caravivello and Iskion based on Plaintiff's deliberate indifference allegations against them.

SO REPORTED and RECOMMENDED this 20th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA