IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICKY MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 619-100 |
| ) | |
| HAROLD CARAVIELLO, Physicians' ) | |
| Assistant, and DR. ISKION, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Georgia State Prison ("GSP"), and because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). On February 20, 2020, the Court directed the United States Marshal to effect service of process on Defendants. (Doc. no. 10.) In accordance with the Court's Order directing service, the Marshal mailed a copy of the complaint and the February 20th Order by certified mail to Defendants on February 26, 2020, requesting they waive formal service of summons. (Doc. no. 10-3.)

On February 28, 2020, an individual at GSP, other than either one of Defendants, signed for the certified mail containing the complaint and waiver of service forms. (Doc. no. 13.) When neither Defendant returned the signed waiver of service form or filed an answer, the Court directed the United States Marshal to contact the Georgia Attorney General's

Office in an effort to determine if the individual at the prison who signed for the complaint and service documents at GSP provided the information to Defendants and if the Attorney General's Office intended to represent Defendants. (See doc. no. 17.) Defendant Caraviello filed an answer on May 18, 2020. (Doc. no. 18.)

On May 22, 2020, the Court entered an order explaining service had not been accomplished on the remaining Defendant because the United States Marshal had been informed that prison officials are not aware of anyone with the last name "Iskion" having worked at GSP. (See doc. nos. 22, 23.) The Court further explained that Plaintiff had been warned service must be accomplished within ninety days of the date that the Court initially directed service by the United States Marshal, and a defendant not timely served may be dismissed. (Doc. no. 23, p. 2 (citing doc. no. 10, p. 3).) However, recognizing Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause, the Court directed Plaintiff to provide valid identifying information for Defendant Iskion within fourteen days and warned failure to do so would result in his dismissal without prejudice. (Id. at 2-3.)

Plaintiff failed to respond to the Court's show cause order. Thus, he has not shown good cause for failing to identify and timely effect service on Defendant Iskion, and the Court finds that no other circumstances warrant an extension of the service period. Additionally, because Defendant Caraviello has made an appearance in this case, dismissal of the unserved Defendant will not completely deprive Plaintiff of the opportunity to litigate claims arising out of the events underlying this lawsuit.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Iskion, and all of Plaintiff's claims against him, be **DISMISSED** without prejudice for failure to timely

effect service.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 22nd day of June, 2020, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA